UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMPLE TRADITIONS, INC. and NANCY LINN, | No. 2:24-cv-01335-TLN-SCR |
| Plaintiffs, | |
| v. | **ORDER** |
| PAYCHEX, INC., | |
| Defendant. | |

This matter is before the Court on Plaintiffs Simple Traditions, Inc. ("Simple Traditions") and Nancy Linn's ("Linn") (collectively, "Plaintiffs") Motion for Reconsideration. (ECF No. 22.) Defendant Paychex, Inc. ("Defendant") filed an opposition.[1] (ECF No. 28.) Plaintiffs filed a reply. (ECF No. 29.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiffs' motion.

///

///

---

[1] Plaintiffs note that Defendant filed its opposition late on January 16, 2025, without prior approval of the Court. (ECF No. 29 at 2.) The Court notes that it had to initially strike Plaintiffs' motion for failure to conform with Local Rule 130 and this Court's page limits. (ECF No. 26.) Counsel for both parties are advised to closely follow the Eastern District of California Local Rules and this Court's standing order. In the interest of fairness, the Court exercises its discretion and considers Defendant's late opposition.

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises out of Defendant's alleged failure to file employer tax returns and pay payroll taxes for Simple Traditions, a company Linn owns that provides low-cost funeral and cremation services. (ECF No. 1.) The Court need not recount the factual and procedural background of this case, as it is set forth in full in the Court's December 3, 2024 Order granting Defendant's motion to compel arbitration. (ECF No. 20.) On December 30, 2024, Plaintiffs filed the instant motion for reconsideration. (ECF No. 22.)

### II. STANDARD OF LAW

The Court may grant reconsideration under either Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b). *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment. *Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Plaintiffs' motion was filed within twenty-eight days of entry of judgment and is therefore construed as a motion to alter or amend the judgment under Rule 59(e).

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255. Further, "[a] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original). Courts may grant a Rule 59(e) motion on four basic grounds:

>   (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co.*, 634 F.3d at 1111.

### III.   ANALYSIS

Plaintiffs argue: (1) the Court committed an error of law and fact when it declined to sever the requirement of using Rochester, New York as the arbitration venue and ignored Plaintiff's evidence to support a finding this provision is substantively unconscionable; (2) there are new factual developments that render it financially impossible and inconvenient for Linn to attend arbitration in Rochester, New York; (3) requiring Linn to travel to Rochester, New York to arbitrate would be substantively unconscionable given her current medical condition; and (4) the Court committed an error of law and fact when it declined to consider Plaintiffs' challenge to the limitations on liability provision.  (ECF No. 27 at 3–8.)  The Court will evaluate each of Plaintiffs' arguments in turn, considering the second and third arguments together because both are about whether the arbitration venue provision is substantively unconscionable in light of new evidence.

> A.   <u>Whether the Court Committed an Error of Law and Fact when it Declined to Sever the Requirement of Rochester, New York as the Arbitration Venue</u>

Plaintiffs first take issue with the Court's conclusion that it did not find the requirement to arbitrate in Rochester, New York substantively unconscionable.  (ECF No. 27 at 3.)  Plaintiffs argue the Court ignored and did not mention Plaintiffs' evidence, which Plaintiffs contend was identical to the evidence presented in *Silicon Valley Self Direct, LLC v. Paychex, Inc.* (*Silicon Valley*), No. 5:15-CV-01055-EJD, 2015 WL 4452373, at *7 (N.D. Cal. July 20, 2015).  (*Id.* at 3–4.)  Plaintiffs note the *Silicon Valley* court found plaintiff had met its burden to establish the forum selection clause was substantively unconscionable.[2]  (*Id.*)  In opposition, Defendant notes

---

[2]   To the extent Plaintiffs argue the Court's granting of judicial notice of unpublished California cases is error under California Rules of Court Rule 8.1115(a) (ECF No. 27 at 4–5), the

3

1  Plaintiffs cite an unsigned declaration filed in support of the instant motion and argues the Court
2  should disregard it as it does not comply with 28 U.S.C. § 1746, is not evidence, and is
3  embellished from the prior version. (ECF No. 28 at 6.) Defendant maintains the Court noted the
4  absence of any financial records or estimate of arbitration costs to substantiate Plaintiffs' claim of
5  financial distress. (*Id.*)

6  As an initial matter, *Silicon Valley* is not binding authority on this Court, as "[d]istrict
7  court opinions are relevant for their persuasive authority but they do not bind other district courts
8  within the same district" or a different district. *City of Fresno v. United States*, 709 F. Supp. 2d
9  888, 909 (E.D. Cal. 2010); *Joe Hand Promotions Inc. v. Gonzalez*, 423 F. Supp. 3d 779, 784 (D.
10 Ariz. 2019). While the Court acknowledges the evidence plaintiff presented in *Silicon Valley* is
11 analogous to the evidence Plaintiffs presented in the instant matter, the Court is ultimately bound
12 by precedent set in the Ninth Circuit case, *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1284
13 (9th Cir. 2006).³ As stated previously, in *Nagrampa*, the Ninth Circuit concluded that a forum
14 selection clause was substantively unconscionable, as the effect of requiring arbitration in Boston
15 was so "prohibitively costly" to plaintiff that it had the effect of precluding her from participating.
16 *Id.* at 1290, 1293. To reach this conclusion, the Ninth Circuit examined three bank statements for
17 an account held jointly by plaintiff and her husband and the average monthly deposits and the
18 average monthly withdrawals and debits. *Id.* The court concluded that payment of the initial
19 $6,500 arbitration filing fee alone, without even considering the additional costs to litigate in an
20 out-of-state forum, would result in the bank account being overdrawn by $388.23. *Id.* at 1290
21 fn.13.
22 ///

---

Court notes "those rules do not apply in federal courts, which may review and consider unpublished appellate decisions for their persuasive, but not for their precedential, value." *Rios v. County of Sacramento*, 562 F. Supp. 3d 999, 1021 n.3 (E.D. Cal. 2021) (citing *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 942 n.4 (9th Cir. 1997); *Inland Concrete Enters., Inc. v. Kraft*, 318 F.R.D. 383, 405–06 (C.D. Cal. 2016)).

³  The Court also notes both the *Nagrampa* court and *Silicon Valley* court applied the standard set forth in the California Court of Appeal case, *Bolter v. Superior Court*, 87 Cal. App. 4th 900, 909–10 (2001).

Here, the Court explicitly acknowledged Plaintiffs' arguments of severe financial hardship on Linn and her business, postponement of funeral and cremation services, and emotional stress. (ECF No. 20 at 9.) However, unlike the plaintiffs in *Nagrampa*, Plaintiffs did not submit any financial records or provide any estimate or arbitration costs and fees for litigating in an out-of-state forum. Using *Nagrampa* as controlling authority, the Court could not determine whether proceeding in Rochester, New York would be "so gravely difficult and inconvenient" that Plaintiffs would be deprived of their day in court. *Nagrampa*, 469 F.3d at 1287. Accordingly, the Court properly concluded designation of Rochester, New York as the arbitration venue was not substantively unconscionable and did not commit an error of law or fact when it declined to sever the arbitration venue requirement.

> B. Whether the Arbitration Provision is Substantively Unconscionable in Light of New Evidence

Plaintiffs argue there are new factual developments that render it financially impossible and inconvenient for Linn to attend an arbitration in Rochester, New York — namely, Simple Traditions is experiencing significant staffing shortages and Linn is now experiencing significant back pain from a spinal condition called spondylolisthesis. (ECF No. 27 at 5–6.) Plaintiffs state Simple Traditions has only two very inexperienced staff members who were hired in July 2024 and require extensive training and close daily supervision for six months. (*Id.* at 5.) Plaintiffs contend that if Linn were required to travel to Rochester, New York for arbitration, she would be forced to close her business as she is the only licensed funeral director on site and cannot leave the new employees unsupervised for any period of time. (*Id.* at 5–6.) Plaintiffs contend a shutdown would cause significant financial loss, while Linn estimates fees for counsel familiar with New York law could cost a minimum of $12,000. (*Id.* at 6.) Plaintiffs also note Linn's spondylolisthesis makes it difficult for her to sit or stand comfortably for any prolonged period of time and traveling back and forth from Sacramento, California to Rochester, New York would cause her significant pain, suffering, and physical distress given the space constraints inherent in travel. (*Id.*)

///

In opposition, Defendant contends the purported six-month training period has already expired and will be long expired by the time of arbitration. (ECF No. 28 at 7.) Defendant asserts Plaintiffs fail to explain why they failed to present this evidence regarding arbitration costs, travel costs, and costs to hire New York counsel earlier. (*Id.*) Defendant also notes that the only supporting evidence for Linn's physical condition is an unsigned declaration, which is not evidence and cannot support Plaintiffs' argument. (*Id.*)

In reply, Plaintiffs note that Linn through mistake, inadvertence, and excusable neglect did not sign her declaration and has executed a corrected declaration wherein she states she received notice from one of her two remaining employees that the employee will be leaving employment with Simple Traditions on January 27, 2025. (ECF No. 29 at 5.) Plaintiffs contend that Linn cannot travel to Rochester, New York for arbitration given that the remaining employee is in training and there is an immediate need to hire another employee. (*Id.*) Plaintiffs also note Linn was informed by the IRS in a recent telephone conversation that the penalties and interest levied by the IRS now total $84,978.44. (*Id.*)

An agreement is substantively unconscionable if it is "unfairly one-sided." *Little v. Auto-Stieger, Inc.*, 29 Cal. 4th 1064, 1071 (2003). "[I]f the 'place and manner' restrictions of a forum selection provision are 'unduly oppressive,' . . . or have the effect of shielding the stronger party from liability, then the forum selection provision is unconscionable[.]" *Nagrampa*, 469 F.3d at 1287 (citing *Bolter v. Superior Court*, 87 Cal. App. 4th 900, 909–10 (2001); *Comb v. PayPal, Inc.*, 218 F. Supp. 2d 1165, 1177 (N.D. Cal. 2002)). A party may set forth evidence to warrant setting aside the forum selection provision in the following situations: "that the agreement was affected by fraud, undue influence, or overweening bargaining power; that enforcement would be unreasonable and unjust; or that proceedings in the contractual forum will be so gravely difficult and inconvenient that the resisting party will for all practical purposes be deprived of his day in court." *Id.* (internal quotations and citations removed).

Here, the Court agrees with Defendant that Plaintiffs could have presented evidence regarding arbitration costs, travel costs, and costs to hire New York counsel earlier. The Court also notes that Plaintiffs still have not submitted evidence of bank accounts or financial

statements similar to the evidence presented by the plaintiff in *Nagrampa* to actually establish that proceeding in Rochester, New York would be "so gravely difficult and inconvenient" that Plaintiffs would be deprived of their day in court. *Nagrampa*, 469 F.3d at 1287.

However, with respect to new evidence, Linn avers in her corrected December 30, 2024 declaration that she currently has only "two staff members that are undergoing training," she is "the only licensed funeral director on site," and her "California Funeral Director's license requires that given that both [her] new employees are in training [she] must be physically present to supervise their actions." (ECF No. 31 at 3.) Linn states that her absence to participate in arbitration in Rochester, New York would necessitate the complete shutdown of her business for the length of the arbitration at a significant financial loss that she cannot afford. (*Id.*) Linn further avers in her declaration that her spondylolisthesis "renders long distance travel very painful due to cramped travel conditions" and her physician Dr. Amit Banerjee, M.D. advised her on December 5, 2024, "that fusion surgery is the best alternative." (*Id.* at 4.) Linn states that she cannot take time off for this surgery until her staffs' training is complete and traveling to Rochester, New York during that time would cause her "unimaginable pain and physical distress." (*Id.*)

The Court finds that ultimately this is a very close question — Plaintiffs could have submitted bank documents or financial statements to back their assertion that Linn cannot afford a shutdown of her business and Plaintiffs could have submitted medical records to substantiate Linn's claim of spondylolisthesis. However, the Court sees no reason not to believe Linn's assertions in her declaration and ultimately concludes that Simple Traditions's staffing shortage, in conjunction with Linn's medical condition, establishes that designation of Rochester, New York as the arbitration venue is substantively unconscionable. The Court will therefore sever this provision from the Paychex Proprietor Services Agreement (the "Agreement").

For these reasons, the Court GRANTS Plaintiffs' motion to reconsider that the requirement to arbitrate in Rochester, New York is substantively unconscionable.

///

///

          **C.**      <u>Whether the Court Committed an Error of Law and Fact when it Declined to Consider Plaintiffs' Challenge to the Limitations on Liability Provision</u>

Plaintiffs finally take issue with the Court's refusal to evaluate Plaintiffs' argument that the limitations on liability restriction in the arbitration provision is substantively unconscionable. (ECF No. 27 at 7.) In reaching this conclusion, the Court examined Plaintiffs' arguments on the limitations on liability provision and found Plaintiffs only discussed it briefly by stating that Defendant does not mention negative precedents regarding the identical arbitration provisions in *Silicon Valley*. (ECF No. 9 at 6.) Plaintiffs stated in a conclusory fashion that the *Silicon Valley* court "refused to enforce the identical limitation on liability provision[,]" but otherwise did not provide any substantive discussion on how the *Silicon Valley* court reached this decision or how *Silicon Valley* might apply in the instant case. The Court therefore declined to consider this argument. (ECF No. 20 at 8 n.3.)

Plaintiffs argue the Court committed "an error of law and fact" when it discussed Plaintiffs' argument on this issue in a footnote and declined to consider it. (*Id.* at 7–8.) In opposition, Defendant asserts "[a] district court has discretion to refuse to consider points that are not supported by reasoned argument and citation of authority," and therefore the Court committed no clear error. (ECF No. 28 at 7.) In reply, Plaintiffs contend the Court ignored their reliance on the *Silicon Valley* case as authority. (ECF No. 29 at 3.) Plaintiffs also argue, for the first time, that the enforcement of the limitations on liability provision renders it impossible to obtain any damages for the negligence, breach of contract, or gross negligence claims, and it does not allow equitable relief for continuing penalties and interest imposed by the Internal Revenue Service. (*Id.* at 4.)

Plaintiffs cited to *Silicon Valley* in the opposition to the motion to compel arbitration, but otherwise Plaintiffs' brief was devoid of meaningful analysis on this issue. Further, Plaintiffs improperly attempt to bolster their earlier arguments and raise new arguments that could have been raised in their opposition to the motion to compel arbitration. *See Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880 ("A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the

8

litigation.") (citation and internal quotation marks omitted) (emphasis in original); *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) ("A motion for reconsideration may not be used to get a second bite at the apple." (citation and quotation marks omitted)).  Plaintiffs also fail to adequately explain why they did not to raise these arguments in opposition to the motion to compel arbitration.

For these reasons, the Court DENIES Plaintiffs' motion to reconsider as to the Court's decision not to consider the limitations on liability argument.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiffs' Motion for Reconsideration (ECF No. 22) as follows:

1. The Court GRANTS Plaintiffs' motion to reconsider that the requirement to arbitrate in Rochester, New York is substantively unconscionable; and
2. The Court DENIES Plaintiffs' motion as to the Court's decision not to consider the limitations on liability argument.

The provision of the Agreement that requires arbitration to occur in Rochester, New York is severed from the arbitration clause.  The instant action remains DISMISSED with prejudice and the case shall remain closed.[4]

IT IS SO ORDERED.

Date: April 17, 2025

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The Court acknowledges that Plaintiffs filed a Notice of Supplementary Authority on February 24, 2025, arguing that the Supreme Court in *Smith v. Spizzirri*, 601 U.S. 472 (2024) provides that "when a district court finds that a lawsuit involves an arbitrable dispute and a party requests a stay pending arbitration, the court lacks discretion to dismiss the case." (ECF No. 34 at 2.)  Defendant filed an objection to this notice, arguing that it violates Local Rule 230(m)(2) because *Smith* was issued in May 2024 before Plaintiffs filed their reply on January 27, 2025, and Plaintiffs make additional argument on the instant motion by arguing the opinion should be interpreted to apply to this case despite Plaintiffs' failure to request a stay.  (ECF No. 35 at 2.)  Because Plaintiffs did not previously request a stay in this case (*see* ECF Nos. 9, 27, 29) and *Smith* was issued prior to the date Plaintiffs filed their reply, the Court finds Plaintiffs' notice violates Local Rule 230(m)(2).  *See* E.D. Cal. L.R. 232.  Accordingly, Defendant's objection is SUSTAINED.